State Ex Rel. Diana GOLDEN, Relator,

v.

**The Honorable William C. CRAWFORD, Respondent.**

No. SC 86412.

Supreme Court of Missouri, En Banc.

May 31, 2005.

Motion to Modify Denied July 12, 2005.

John S. Dolence, Jeffrey W. Heil, Gary C. Lentz, Joplin, for relator.

Glenn R. Gulick, Jr., Brad G. Bishop, Ron E. Mitchell, Joplin, for respondent.

**ORIGINAL PROCEEDING IN PROHIBITION**

RONNIE L. WHITE, Chief Justice.

**I.**

Relator, Diana Golden, a defendant in an underlying wrongful death action, seeks a writ of prohibition ordering Respondent to vacate his April 6, 2004 order denying her motion for summary judgment and ordering Respondent to sustain her motion. This Court issued a preliminary writ on

December 21, 2004, prohibiting the trial court from taking any further action in this case until further order of this Court. The preliminary writ is quashed.

## II.

On March 31, 2002, Relator, while working as a 911 operator for the City of Joplin, received a call reporting that a man was lying in the middle of the street. The caller reported the location of the man as being on Hill Street, which was located between High Street and Michigan Street. Based upon her personal knowledge of the area, and without confirming the location on a map, Relator recorded the location of the man to be west of the intersection of Hill and Michigan, towards the direction of High Street. In fact, High Street was one block east of Michigan Street and the man's location was east of the Hill–Michigan intersection, not west. A police officer was dispatched to the scene based upon Relator's directions.

The officer responding to the dispatch approached the intersection from the south, and as he looked west, the car in front of him turned east running over the man. Ultimately, the man died from the injuries he sustained. His father brought a wrongful death action against the driver who ran over the man, the Relator, and the 911 dispatcher. Following discovery, Relator filed a motion for summary judgment alleging she was immune from liability under both statutory and common law. Respondent denied the motion and this Court, upon Relator's application, issued its preliminary writ. This Court has jurisdiction; Mo. Const. article V, section 4.

## III.

 Prohibition, while being a discretionary writ, may be appropriate to prevent unnecessary, inconvenient, and expensive litigation.[1] Prohibition is particularly appropriate in a case where the facts are uncontested and a party has an absolute defense of immunity from suit.[2]

Relator claims that she is immune from suit by the official immunity or public duty doctrine. Relator also argues that section 190.307, eliminating civil liability for employees of an emergency system with the exception of instances of gross negligence, augments the official immunity doctrine extending her additional immunity. Relator further asserts that even if it is determined that section 190.307 supercedes the common law immunity doctrine, the plaintiff failed to allege facts of wanton and willful misconduct to substantiate any claim of gross negligence pursuant to section 190.307. Consequently, this case turns on which, or if both, of the immunity doctrines apply to the Relator, necessitating the need for this Court to construe section 190.307.

 "The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to the intent if possible, and to consider the words in their plain and ordinary meaning."[3] "Our legislature has frequently enacted immunity statutes, limiting rights of action which the common law recognizes."[4]

 Section 190.307 provides:

---

1. *State ex rel. Linthicum v. Calvin,* 57 S.W.3d 855, 856 (Mo. banc 2001).

2. *State ex rel. Howenstine v. Roper,* 155 S.W.3d 747, 749 (Mo. banc 2005).

3. *Murray v. Missouri Highway and Transp. Com'n,* 37 S.W.3d 228, 233 (Mo. banc 2001).

4. *Harrell v. Total Health Care, Inc.,* 781 S.W.2d 58, 62 (Mo. banc 1989). See as examples sections 188.130, 332.021, 335.031, 537.037, and 537.053.

1. No public agency or public safety agency, nor any officer, agent or employee of any public agency, shall be liable for any civil damages as a result of any act or omission except willful and wanton misconduct or gross negligence, in connection with developing, adopting, operating or implementing any plan or system required by sections 190.300 to 190.340.

2. No person who gives emergency instructions through a system established pursuant to sections 190.300 to 190.340 to persons rendering services in an emergency at another location, nor any persons following such instructions in rendering such services, shall be liable for any civil damages as a result of issuing or following the instructions, unless issuing or following the instructions constitutes willful and wanton misconduct, or gross negligence.

It is clear from the express language in this section that the legislature intended for this statutory immunity to supercede the common law official immunity doctrine for the enumerated individuals and agencies. Section 190.307 provides the shielded entities with a qualified immunity allowing civil liability only in instances where gross negligence can be established.

At the time the trial court ruled on the summary judgment motion, it did not have the benefit of this Court's opinion finding the qualified immunity under section 190.307 supplants the absolute immunity under the common law. Having resolved this issue of first impression, it is appropriate to allow the trial court to reconsider the motion applying the proper immunity doctrine.[5]

5. Having clarified which immunity doctrine is applicable, the plaintiff, pursuant to Rule 55.33, may elect to amend his pleadings and allegations of gross negligence in order to attempt to satisfy the statutory exception to

## IV.

The preliminary writ is quashed.

All concur.

immunity. Conversely, Relator is free to renew its motion for summary judgment or file a motion to dismiss should plaintiff be unable to articulate a valid claim.