**Susan HYDE and Hilary Mason, Appellants,**

v.

**DEPARTMENT OF MENTAL HEALTH and Kay Green, Respondents.**

**No. WD 65425.**

Missouri Court of Appeals, Western District.

June 6, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 2006.

Application for Transfer Denied Sept. 26, 2006.

David Hale and Michael Finkelstein, Jefferson City, for Appellant.

Trevor Bossert, St. Louis, for Respondent.

PAUL M. SPINDEN, Judge.

Susan Hyde and her minor daughter, Hilary Mason, appeal the circuit court's judgment upholding the Department of Mental Health's order to deny their request for attorney fees under Section 536.087.1, RSMo 2000. Although this case is an appeal from the circuit court's judgment, we review the department's decision rather than the circuit court's judgment. *Maples v. Department of Social Services,* 11 S.W.3d 869, 870 (Mo.App.2000). Because the underlying proceeding was an "agency proceeding" as defined by Section 536.085(1), RSMo 2000, and because the department's decision was not substantially justified, we reverse the circuit court's judgment and remand to the circuit court for it to set the proper amount of attorney fees.

This dispute arose when the St. Louis Regional Center for Developmental Disabilities—North, a facility operated by the department's Division of Mental Retardation and Developmental Disabilities, denied Hyde's application for Medicaid benefits for her daughter. Hyde requested services to assist her daughter under a Medicaid waiver program in which minors receive services funded by the federal program normally available only at an institu-

tion. Missouri has a limited number of waivers available, so the division provides waivers according to applicants' needs. Some individuals, including those in emergency situations, receive waivers immediately, and the division places others on a waiting list. Individuals on the waiting list receive services according to their needs' priority rather than according to the date that the division placed them on the list of eligible recipients.

During July 2002, Kathleen Hopkins, assistant director of St. Louis Regional Center—North, informed Hyde that, although her daughter was eligible to participate in the Medicaid waiver program, the facility was placing her on the waiting list because she did not meet emergency-need criteria. Two months later, Mason began receiving in-home respite services from personnel at Judevine Center for Autism, funded by Missouri's general revenue.

Not satisfied with having her daughter placed on the waiting list, Hyde appealed to the Department of Mental Health. She argued that her daughter met emergency-need criteria, so she should receive a Medicaid waiver immediately.

The department's appeals referee convened a hearing on March 25, 2003. Acting on behalf of the department, the referee declared that St. Louis Regional Center—North "did not present substantial and competent evidence to supports its position that Hilary Mason does not meet emergency need criteria or that the in-home support services [Hyde] has requested cannot be funded through the Medicaid Waiver program." The referee ordered St. Louis Regional Center—North to "continue the services currently provided ... and pay for them with funds available under the Medicaid Waiver program."

Hyde filed an application for award of attorney fees pursuant to Section 536.087.

A lawyer employed by a non-profit legal service organization had represented her during the proceedings, although Hyde did not allege that she actually paid for the services. The department denied the request on the ground that, although St. Louis Regional Center—North erred, it was "substantially justified in determining that Mason did not qualify for immediate, emergency placement and in determining that the services should not be funded by the Medicaid Waiver program."

■ Hyde appealed the denial of attorney fees to the circuit court, which upheld the department's decision. The circuit court ruled, however, that it lacked jurisdiction to award attorney fees because the underlying proceeding was not an "agency proceeding" as defined by Section 536.085(1), rendering Hyde ineligible for attorney fees. The circuit court erred in reaching this conclusion.

Section 536.087.1 restricts attorney fees to a party "who prevails in an agency proceeding or civil action arising therefrom[.]" Section 536.085(1) defines an "agency proceeding" as "an adversary proceeding in a contested case ... in which the state is represented by counsel, but does not include proceedings for determining the eligibility or entitlement of an individual to a monetary benefit or its equivalent[.]"

The department contends that its adjudication of Hyde's application for Medicaid waiver was not an agency proceeding and, therefore, it incurred no obligation to pay for Hyde's attorney fees. This is a case of first impression. We find no cases—nor do the parties cite any—in which a court has determined the issue.

In construing statutes, our single goal is to ascertain the legislature's intent. We endeavor to achieve this goal by giving effect to the plain and ordinary meaning of

the statute's language. *State ex rel. Golden v. Crawford,* 165 S.W.3d 147, 148 (Mo. banc 2005). A standard dictionary is the prime source for finding the plain and ordinary meanings of pertinent statutory terms. *Tendai v. Missouri State Board of Registration for the Healing Arts,* 161 S.W.3d 358, 366 (Mo. banc 2005). We also construe statutes according to the legislature's obvious purposes. *Person v. Scullin Steel Company,* 523 S.W.2d 801, 803 (Mo. banc 1975).

Relying on a standard dictionary, the Supreme Court declared, in *State v. Barnes,* 942 S.W.2d 362, 366 (Mo. banc 1997), that the plain and ordinary meaning of "benefit" is "a 'payment' or 'gift' or 'a natural advantage.'" Hence, by using "monetary" in Section 536.087 to modify "benefits," the General Assembly restricted the statute's scope to payments or gifts of money or its equivalent. A standard dictionary definition of "equivalent" is "like in signification or import . . .: SYNONYMOUS[;] equal in value: COMPENSATIVE, CONVERTIBLE . . .[;] corresponding or virtually identical esp[ecially] in effect or function . . .: TANTAMOUNT[.]" WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY OF THE ENGLISH LANGUAGE UNABRIDGED 769 (1993).

Hyde did not seek a payment or gift of money or its equivalent for her daughter. She sought status. The division had already agreed to give Hyde the equivalent of a monetary benefit: in-home services for her daughter. She wanted the division to declare that her daughter's case met emergency-need criteria so that delivery of benefits to her daughter would not rest on availability of funds distributed according to priorities. Although she succeeded in obtaining a change in status of her daughter's case, she did not receive any more benefits for her daughter than she was receiving before she asked for reconsideration of the Medicaid waiver.

We conclude, therefore, that Hyde was not seeking a monetary benefit or its equivalent. Her case fits within the definition of an "agency proceeding" in Section 536.085(1), and she is eligible for attorney fees. Whether or not she is entitled to them is a separate issue.

An award of attorney fees is improper if "the position of the state was substantially justified" or if "special circumstances make an award unjust." Section 536.087.1. Neither party suggests that special circumstances make an award unjust in this case. They do, however, dispute the issue of substantial justification. The department concluded that its position was substantially justified.

A decision is "substantially justified" if it is based reasonably "in law and fact." *Greenbriar Hills Country Club v. Director of Revenue,* 47 S.W.3d 346, 354 (Mo. banc 2001) (quotation omitted). Because an agency's decision can be incorrect and still be justified, that the department reversed its original decision does not create a presumption of lack of justification. The burden is on an agency to prove by a preponderance of evidence that its decision was substantially justified. *Id.; State ex rel. Pulliam v. Reine,* 108 S.W.3d 148, 157 (Mo.App.2003).

In reviewing the department's decision, the judiciary's role is limited to determining whether or not the decision was arbitrary and capricious, unreasonable, unsupported by competent and substantial evidence, or was contrary to the law or in excess of its jurisdiction. Section 536.087.7. We consider all evidence in the light most favorable to the department's decision. *Hohensee v. Division of Medical Services,* 135 S.W.3d 512, 517 (Mo.App.2004).

 The department erred in denying Hyde's application for attorney fees because its division failed to meet its burden of proving that it was substantially justified. The department explained the basis for its decision in a portion of its findings of fact and conclusions of law entitled "Discussion:"[1]

Although [Hyde] is a "prevailing party" under Section 536.087.1 RSMo (2000), she is not entitled to fees and expenses incurred in the administrative proceedings regarding placement of Hilary Mason's name on a waiting list for participation in the Medicaid Waiver program held before the Missouri Department of Mental Health because the position of the state agency involved in these proceedings, the St. Louis Regional Center for Developmental Disabilities—North, was substantially justified.

It was not contested that Hilary Mason is eligible to participate in the Medicaid Waiver program. The issue was whether she is entitled to immediate placement and for services to be funded by the Medicaid Waiver program. The St. Louis Regional Center for Developmental Disabilities—North utilized an emergency criteria list and determined that Hilary Mason did not meet emergency need criteria. At the administrative hearing, the St. Louis Regional Center for Developmental Disabilities—North presented evidence to support its position in this matter. The Appeals Referee did not agree with the St. Louis Regional Center for Developmental Disabilities—North's opinion and reversed its decision. Nevertheless, it is estab-

lished by statute and case law that the fact the agency lost on the merits does not create a presumption that its position was not substantially justified.

While in the final analysis the Appeals Referee did not agree with the decision of the St. Louis Regional Center for Developmental Disabilities—North, in this matter, upon a review of record [sic] of the administrative hearing, the Appeals Referee has concluded that there was a reasonable basis both in law and fact for the state's action in this agency proceeding. The Appeals Referee has further concluded that the St. Louis Regional Center for Developmental Disabilities—North has met its burden of proof in this fee application and has demonstrated that its position was substantially justified.

As best as we can determine from the department's sketchy explanation, the department is confused by the standard to be applied for "substantial justification." Its decision suggests that, so long as the regional center used some kind of criteria—without concern for whether or not the criteria were arbitrary and capricious—the center's decision should be deemed to be substantially justified. This is incorrect. Although an agency formulates criteria, it can apply the criteria arbitrarily and capriciously. What was missing from the division's case was a showing that its criteria was reasonable and was applied appropriately. As the circuit court noted, the department did not apply the proper standard: It did not require its division to prove by a preponderance of the evidence that it acted rationally and reasonably in

1. We presume that the "Discussion" section actually is an extension of the conclusions of law. The conclusions of law section is merely quotations of pertinent statutes and recitation of principles of law with citations. It contains virtually no conclusions. A conclusion of law is "the application of valid juridical precepts to the facts of the proceeding." *Sowder v. Bd. of Police Comm'rs,* 553 S.W.2d 525, 528 (Mo.App.1977). The department's conclusions of law occur only in the "Discussion" section. In future cases, the department should drop the "Discussion" section and place it in its conclusions of law.

denying Hyde's application. Hence, although we do not review the circuit court's judgment, we concur with its conclusion that the department "failed to meet its burden that its initial decision denying Hilary Mason's request for in-home support services was substantially justified."

We, therefore, reverse the department's decision to deny Mason's application for attorney fees and remand to the circuit court for it to determine the proper amount of attorney fees to be awarded in this case.

JOSEPH M. ELLIS, Presiding Judge, and THOMAS H. NEWTON, Judge, concur.