**Rebecca and Steve BRADDOCK and John and Joseph Braddock, Minors, by and Through Rebecca and Steve Braddock, Their Parents and Next Friends, Appellant,**

v.

**MISSOURI DEPARTMENT OF MENTAL HEALTH, Kathleen Hopkins, Asst. Center Director For St. Louis Regional Center–North, In Her Official Capacity, Respondent.**

No. WD 65304.

Missouri Court of Appeals, Western District.

June 30, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 2006.

Application for Transfer Denied Sept. 26, 2006.

David Hale, Jefferson City, MO, for appellants.

Trevor Bossert, St. Louis, MO, for respondents.

Before EDWIN H. SMITH, C.J., NEWTON and HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

Rebecca and Steve Braddock appeal from the administrative denial of their claim for attorney's fees after they prevailed on a Medicaid funding request for their son against the Department of Mental Health (DMH). We affirm the denial because Section 536.085(1)[1] precludes the Braddocks from recovering fees in an agency proceeding that determines their eligibility for a "monetary benefit or its equivalent."

## FACTUAL AND PROCEDURAL HISTORY

The Braddocks are the parents of a fifteen-year old boy, Joseph, who has been diagnosed with cerebral palsy. Joseph has been determined eligible for the "Medicaid Home and Community Based Waiver Program," which allows him to receive alternative services at home to avoid institutional placement. The Medicaid waiver program is administered through DMH.

Joseph uses a wheelchair for mobility. In July 2001, the Braddocks sought to improve the wheelchair accessibility of their home by requesting Medicaid waiver funds to: (1) widen the door to Joseph's bedroom to thirty-six inches; (2) remove a closet in Joseph's bedroom and relocate it to the kitchen; and (3) remove a closet from the master bedroom and relocate it to another wall in that bedroom. DMH granted the request to widen Joseph's bedroom door and remove closets from his room and the adjacent master bedroom. DMH denied the Braddocks' request for funding to relocate the two closets to other areas of the home.

The Braddocks challenged the denial of their funding request at an administrative hearing. The appeals referee ruled in favor of the Braddocks, finding that *all* of the requested home modifications were necessary to allow Joseph to function with greater independence and avoid institutionalization. DMH was ordered to fund the modifications, estimated at a total cost of $7,879, through the Medicaid waiver program.

After prevailing on their administrative claim, the Braddocks submitted an application for attorney's fees pursuant to Section 536.087.1.[2] The application argued that

---

1. All statutory citations are to the Revised Missouri Statutes 2000, unless otherwise indicated.

2. Section 536.087.1 provides:

> A party who prevails in an agency proceeding or civil action arising therefrom, brought by or against the state, shall be awarded those reasonable fees and expenses incurred by that party in the civil

fees should be awarded because DMH was not substantially justified in disallowing Medicaid funds for the relocation of the two closets. The appeals referee denied the fee application based on its finding that DMH had "a reasonable basis both in fact and law" for partially disallowing the Braddocks' funding request.

The Braddocks filed a petition for review of the fee application decision in the Cole County Circuit Court. The court disagreed with the appeals referee and concluded that DMH was not substantially justified in disallowing funding for the closet relocations. However, the court ruled the Braddocks were not entitled to further relief because Section 536.085 precludes the award of fees and expenses in any agency proceeding that determines eligibility for "a monetary benefit or its equivalent." The court ruled in favor of DMH, affirming the denial of the fee application.

The Braddocks appeal to this court, raising two points of error. First, they contend the appeals referee erred in denying the fee application because the evidence was insufficient to show that DMH was substantially justified in disallowing funding for the relocation of two closets. Second, the Braddocks contend the circuit court misapplied the law in ruling that the administrative hearing involved determination of "a monetary benefit or its equivalent" for which attorney's fees could not be recovered under Section 536.087. We need only address the merits of the latter point, as it is dispositive of the appeal.

## STANDARD OF REVIEW

■ In reviewing this administrative action, the court of appeals examines the decision of the agency, not the judgment of the circuit court. *Pulliam v. Dep't of Soc. Servs.*, 96 S.W.3d 904, 906 (Mo.App.2003). We must affirm the agency's decision on a fee application unless it was arbitrary and capricious, unreasonable, unsupported by competent and substantial evidence, or was contrary to the law. § 536.087.7. While we defer to the agency's findings of fact, we determine questions of law *de novo*. *Pulliam*, 96 S.W.3d at 906. Our primary concern is the correctness of the result reached by the agency and not the route taken to reach it. *Teague v. Mo. Gaming Comm'n*, 127 S.W.3d 679, 688 (Mo.App.2003).

## DISCUSSION

■ Section 536.087.1 permits a prevailing party in an "agency proceeding" to recover reasonable attorney's fees and expenses, unless the agency finds that the State's position was substantially justified or that special circumstances would make an award of fees unjust. An agency proceeding is defined as "an adversary proceeding in a contested case in which the state is represented by counsel, *but does not include proceedings for determining the eligibility or entitlement of an individual to a monetary benefit or its equivalent* [.]" § 536.085(1) (emphasis added). Thus, in considering a fee application, an administrative tribunal must first consider whether the claimant prevailed in an "agency proceeding" and, if so, only then can it consider whether fees should be awarded because the State's position was unjustified.

In this appeal, there is no dispute that the Braddocks were the prevailing party on their administrative claim against DMH for Medicaid waiver funding. The critical

action or agency proceeding, unless the court or agency finds that the position of the state was substantially justified or that special circumstances make an award unjust.

question is whether the Braddocks prevailed at an "agency proceeding" as that term is defined by Section 536.085(1). DMH argues that the administrative hearing determined the Braddocks' eligibility for monetary benefits under the Medicaid waiver program and, therefore, did not qualify as an agency proceeding for which fees could be recovered. The Braddocks contend the administrative hearing determined their eligibility for home modification services and not strictly "monetary benefits" as referenced in the statute. The Braddocks assert that Section 536.085(1) was only intended to preclude the recovery of attorney's fees in cases where the claimant receives a monetary award or benefit from which such fees could be paid. Because they were not seeking a financial award from DMH, the Braddocks contend their case fit within the definition of an agency proceeding and qualified for recovery of attorney's fees.

In construing Section 536.085(1), our goal is to determine legislative intent by giving effect to the plain and ordinary meaning of the statutory language. *Hyde v. Dep't of Mental Health*, No. WD 65425, 2006 WL 1525935 at *2, 200 S.W.3d 73, 75 (Mo.App. W.D., June 6, 2006). Standard dictionary definitions provide a prime source for the common understanding of statutory terms. *Id.* We used such definitions in *Hyde* to determine the meaning of a "monetary benefit or its equivalent" in Section 536.085(1) as that term applies to the recovery of fees under Section 536.087.1:

> Relying on a standard dictionary, the Supreme Court declared, in *State v. Barnes*, 942 S.W.2d 362, 366 (Mo. banc 1997), that the plain and ordinary meaning of "benefit" is "a 'payment' or 'gift' or 'a natural advantage.'" Hence, by using "monetary" in [§ 536.085] to modify "benefits," the General Assem-

bly restricted the statute's scope to payments or gifts of money or its equivalent. A standard dictionary definition of "equivalent" is "like in signification or import ...: SYNONYMOUS[;] equal in value: COMPENSATIVE, CONVERTIBLE ... [;] corresponding or virtually identical esp[ecially] in effect or function ...: TANTAMOUNT[.]" WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY OF THE ENGLISH LANGUAGE UNABRIDGED 769 (1993).

*Id.*

The Braddocks' administrative claim sought *funding* from the Medicaid waiver program to pay for home modifications. Following the administrative hearing, the appeals referee "ordered [DMH] to fund" the Braddocks' entire request for Medicaid benefits. We therefore conclude that the administrative proceeding involved the determination of a monetary benefit. Even if we accept the Braddocks' argument that their administrative claim actually involved a request for *services*, the funding of those services nonetheless served as the "equivalent" of a monetary benefit. Because the administrative hearing determined the eligibility of the Braddocks for a "monetary benefit or its equivalent," it did not constitute an agency proceeding as defined in Section 536.085(1) and did not qualify for fee recovery under Section 536.087.1.

The Braddocks point us to several prior cases where fees have been awarded to individuals who prevailed on administrative claims that had a monetary value. *McMahan v. Mo. Dep't of Soc. Servs.*, 980 S.W.2d 120 (Mo.App.1998), (prevailing party's child support payments reduced by $100 per month); *Wadley v. State Dep't of Soc. Servs.*, 895 S.W.2d 176 (Mo.App.1995), (prevailing party recovered $282 per month for back child support payments incorrectly paid); *Joseph v. Dishman*, 81 S.W.3d 147 (Mo.App.2002), (prevailing par-

ty returned to work after inappropriate suspension); *Lewis v. Bellefontaine Habilitation Ctr.,* 122 S.W.3d 105 (Mo.App. 2003), (prevailing party returned to work). However, none of those cases dealt with the limiting provision of Section 536.085; the question of whether the administrative claim fit the definition of an "agency proceeding" was never addressed in any of the cited cases.

*Hyde,* 2006 WL 1525935 at *2, 200 S.W.3d at 75, has been the only case to apply the "agency proceeding" requirement in the context of fee recovery under Section 536.087.1. In *Hyde,* a child had been declared eligible to participate in the Medicaid waiver program but was placed on a waiting list for services. *Id.* at *1, 200 S.W.3d at 74. The child's mother prevailed on an administrative claim against DMH that resulted in the child being taken off the waiting list and receiving immediate services. *Id.* The mother's fee application was denied and, after judicial review, she appealed. *Id.* at *2, 200 S.W.3d at 75. DMH argued on appeal that the fee application was improper because the administrative claim involved determination of a "monetary benefit or its equivalent" and, therefore, did not qualify as an agency proceeding in which fees could be recovered. *Id.* In rejecting this argument, the court focused on the fact that the administrative claim sought a change in the child's benefit *status* and no payment of money:

> Hyde did not seek a payment or gift of money or its equivalent for her daughter. She sought status. The division had already agreed to give Hyde the equivalent of a monetary benefit: in-home services for her daughter. She wanted the division to declare that her daughter's case met emergency-need criteria so that delivery of benefits to her daughter would not rest on availability of funds distributed according to

priorities. Although she succeeded in obtaining a change in status of her daughter's case, she did not receive any more benefits for her daughter than she was receiving before she asked for consideration of the Medicaid waiver.

> We conclude, therefore, that Hyde was not seeking a monetary benefit or its equivalent. Her case fits within the definition of an "agency proceeding" in § 536.085(1), and she is eligible for attorney fees.

*Id.* at *2–3, 200 S.W.3d at 75–76.

This case differs from *Hyde* in that the Braddocks sought to determine their son's eligibility for funding under the Medicaid waiver program and not a mere change in his benefit status. Their administrative claim resulted in the payment of monetary benefits that the family otherwise would not have received. This type of claim is expressly excluded from the definition of an agency proceeding in Section 536.085(1) and, therefore, precluded the Braddocks from recovering their attorney's fees under Section 536.087.1.

The denial of the fee application was proper, albeit for different reasons than those discussed in the appeals referee's decision. The administrative order of denial is affirmed.

All concur.