

# SUPREME COURT OF MISSOURI
## en banc

MISSOURI REAL ESTATE APPRAISERS )
COMMISSION, )
                              )
      Respondent, )
                              )
          vs. )      **No. SC95255**
                              )
MARK A. FUNK, )
                              )
      Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF COLE COUNTY
### HONORABLE JON BEETEM, JUDGE

*Opinion issued June 28, 2016*

The Missouri Real Estate Appraisers Commission ("Commission") sought review of the Administrative Hearing Commission's ("AHC") decision awarding attorney's fees to Mark Funk under section 536.087[1] for fees he incurred as the prevailing party in the underlying civil action arising from the Commission's denial of his application for certification as a state-certified appraiser. The AHC awarded the fees based on its determination that the Commission's decision to appeal the AHC's grant of appraiser certification to Mr. Funk was not substantially justified because a court is required to defer to the AHC's factual and credibility findings. The circuit court correctly reversed that decision, and its judgment is affirmed.

---

[1] All statutory references are to RSMo 2000 unless otherwise stated.

A prevailing party in an agency proceeding normally must apply for attorney's fees from that agency within 30 days of its decision, and the fee request will be held in abeyance until final disposition of the case where, as here, the case is appealed. *§ 536.087.3 and .4.* Because Mr. Funk represented himself when he prevailed before the AHC, he did not incur attorney's fees at the agency level, however, and the requirement to apply for attorney's fees with the agency simply has no application. Instead, he should have applied for fees with the court of appeals, which is the first forum in which he prevailed while represented by an attorney. Because Mr. Funk wrongly submitted his application to the AHC within 30 days of the final and unreviewable decision rendered by the court of appeals, and only requested attorney's fees from the court of appeals after that request was rejected by the AHC and the deadline for seeking fees from the court of appeals had expired, he failed to timely request attorney's fees.

This Court need not consider whether an exception to the 30-day deadline should be recognized in the unique circumstances just described, for, in any event, the application for attorney's fees should have been denied. The AHC erred in holding that the right to attorney's fees depends on whether the Commission's decision to appeal the AHC's decision was substantially justified. This Court held in *Greenbriar Hills Country Club v. Director of Revenue, 47 S.W.3d 346, 354-58 (Mo. banc 2001),* that under section 536.087.3, attorney's fees will be awarded to the prevailing party upon timely application unless the state's position in denying relief *based on the record in the initial agency proceeding* is shown to be substantially justified. Here, the record shows that the Commission's position in the original proceeding was reasonably based on fact and law

2

and was substantially justified. The AHC erred as to the law in considering evidence that was not before the Commission when it made the decision to deny Mr. Funk's application and in considering whether the Commission should have appealed the AHC's decision. Those are not the issues that must be decided when determining substantial justification.

## I.    FACTUAL AND PROCEDURAL HISTORY

This case has a lengthy and somewhat tortured procedural history. In January 2007, Mark Funk applied to the Missouri Real Estate Appraisers Commission for state certification as a real estate appraiser pursuant to section 339.513. As a required part of the application, Mr. Funk submitted a log. Among the materials in Mr. Funk's log were two appraisal reports that Mr. Funk had prepared during 2006.

At the Commission's request, Mr. Funk met with it to discuss the reports. At that meeting, Commission members questioned Mr. Funk about their concerns as to the adequacy of his two 2006 appraisal reports. The members' questions focused on whether the reports contained adequate analyses of the leases; why neither report contained an explanation of the reasoning for the capitalization rate used; and why both reports determined the capitalization rate based on out-of-date data, failed to use proper units of comparison, lacked information supporting the adjustments made, used inconsistent rental amounts, and lacked other supporting data. Mr. Funk disclosed during the meeting that he actually had based the capitalization rate used in one report on an undisclosed lease of a side property rather than on the data included in the report.

In August 2007, the Commission notified Mr. Funk in writing that it denied his

3

application for state certification. The notice stated that based on his appearance before the Commission, Mr. Funk had "not demonstrated a sufficient knowledge of appropriate appraisal methods and techniques." The notice also noted numerous deficiencies in Mr. Funk's 2006 appraisal reports:

> [Mr. Funk] failed to correctly apply appraisal techniques that are necessary to produce a credible appraisal … failed to adequately analyze, support or develop [Mr. Funk's] opinions of value. The report also did not include sufficient information, explanation or analysis to support [Mr. Funk's] adjustments or subsequent value consideration. … For example, the Warrensburg Report revealed that [Mr. Funk] failed to adequately or properly complete, support or analyze the sales comparison and income approaches included in the appraisal report. Additionally, [Mr. Funk] also failed to adequately or properly analyze comparable sales data in the appraisal report. [Mr. Funk] also failed to adequately or properly analyze the current lease(s) and [his] determination of capitalization appears to be incorrect. … The Warrensburg report also failed to include sufficient information necessary to allow an intended user to understand the report properly. … As a result of the foregoing, the Warrensburg Report was potentially misleading … The Warrensburg report also failed to include sufficient information necessary to allow an intended user to understand the report properly.

The notice finally informed Mr. Funk that the errors and deficiencies in the reports he submitted contained multiple violations of the Uniform Standards of Professional Appraisal Practice (USPAP) and gave it cause to deny his application pursuant to numerous statutes and regulations:

- Section 339.532.1, which gives the Commission the authority to "refuse to issue or renew any certificate or license issued pursuant to sections 339.500 to 339.549 for one or any combination of causes stated in subsection 2 of this section[.]"

- Section 339.532.2, subdivisions (2), (5), (6), (7), (8), (9), (10), and (14), which provides that issuance of a certificate can be refused for multiple

4

reasons the Commission found to be present.[2]

- Section 339.535, which requires, "State-certified real estate appraisers … shall comply with the Uniform Standards of Professional Appraisal Practice …."

- Section 339.511.3, which provides, "Each applicant for licensure as a … state-certified general real estate appraiser shall have demonstrated the knowledge and competence necessary to perform appraisals of residential and other real estate as the Commission may prescribe by rule …."

- Rule 4 CSR § 245-3.010(1), which states, "The Commission shall pass upon the granting of all certificates and licenses with due regard to the paramount interest of the public as to the honesty, integrity, fair dealing, and competency of applicants." (Transferred to 20 CSR § 2245-3.010 effective Aug. 28, 2006).

In September 2007, Mr. Funk appealed the denial of his application to be certified as an appraiser to the AHC and represented himself *pro se* during the AHC proceedings.

---

[2] The Commission identified the following subdivisions of section 339.532.2 as causes for the refusal to issue the certificate:
(2) Failing to meet the minimum qualifications for certification or licensure or renewal established by sections 339.500 to 339.549;
(5) Incompetency, misconduct, gross negligence, dishonesty, fraud, or misrepresentation in the performance of the functions or duties of any profession licensed or regulated by sections 339.500 to 339.549;
(6) Violation of any of the standards for the development or communication of real estate appraisals as provided in or pursuant to sections 339.500 to 339.549;
(7) Failure to comply with the Uniform Standards of Professional Appraisal Practice promulgated by the appraisal standards board of the appraisal foundation;
(8) Failure or refusal without good cause to exercise reasonable diligence in developing an appraisal, preparing an appraisal report, or communicating an appraisal;
(9) Negligence or incompetence in developing an appraisal, in preparing an appraisal report, or in communicating an appraisal;
(10) Violating, assisting or enabling any person to willfully disregard any of the provisions of sections 339.500 to 339.549 or the regulations of the Commission for the administration and enforcement of the provisions of sections 339.500 to 339.549;
(14) Violation of any professional trust or confidence[.]
*§ 339.532.2.*

In May 2008, the AHC held a "denial hearing" at which the Commission presented expert witness testimony concerning the errors in the 2006 appraisal reports. Among the problems the expert identified were that Mr. Funk's methods were not credible because he used out-of-date data; provided no support for, and purposely withheld information supporting, the capitalization rate that he used; failed to provide supporting data for his adjustments; failed to use the customary unit of comparison; and made multiple calculation or typographical errors. The Commission's expert also testified that Mr. Funk's work violated several USPAP standards because, among other issues, he did not correctly employ appraisal methods and techniques; committed substantial errors that significantly affect an appraisal; rendered an appraisal in a careless or negligent manner as demonstrated by the calculation of the contract rents and expenses; and made typographical and calculation errors.

Mr. Funk submitted three additional appraisals he completed in 2007. Because Mr. Funk made all three of the 2007 appraisals *after* he applied for certification, he did not submit any of them to the Commission with his application or thereafter, and *ipso facto* the Commission did not and could not have considered them in considering his application for certification. Mr. Funk nonetheless argued to the AHC that, because the 2007 appraisals had been conducted more recently, they better represented his work and should be considered by it in determining whether the Commission erred in rejecting his application.

Counsel for the Commission did not object to the admission of the 2007 appraisal reports or present expert testimony about them, apparently concluding that, because

Mr. Funk had failed to provide his work files for the 2007 appraisals to the Commission – files that would contain the various background information describing the comparable listings, sales or rentals considered, and the analysis, reasoning and calculations supporting the reports – the Commission's expert would not have the factual basis needed to present an opinion concerning the competency of Mr. Funk's work.

Mr. Funk also chose not to present expert testimony as to whether the 2007 appraisal reports complied with USPAP standards. The only evidence as to the 2007 reports' adequacy was given in answer to a question asked of Mr. Funk by an AHC commissioner as to whether Mr. Funk had prepared the 2007 appraisals in compliance with USPAP standards and without committing negligence or gross negligence. Mr. Funk answered that, although the reports were not in total compliance with applicable standards, they were a better sample of his competency and he did not commit negligence.

The AHC found for Mr. Funk and granted his application for certification as a state-certified appraiser on November 5, 2008. In so holding, it did not reject the Commission's expert testimony or conclusions as to the inadequacy of the 2006 appraisal reports. Rather, it said it decided to give greater weight to the 2007 appraisal reports, which it found "were done competently and in substantial conformity with USPAP." Mr. Funk did not apply for attorney's fees from the AHC because he had represented himself.

In December 2008, pursuant to section 536.100, the Commission filed a petition for judicial review of the AHC's decision in the circuit court. At this point, Mr. Funk

hired counsel. The trial court reversed the AHC decision granting Mr. Funk state certification, finding that the decision of the AHC was "arbitrary, unlawful, unreasonable and not supported by substantial and competent evidence on the record as a whole." Mr. Funk did not apply for attorney's fees because he was not the prevailing party.

In May 2009, Mr. Funk appealed the trial court's judgment. On January 12, 2010, the court of appeals issued an opinion holding that the trial court erred in substituting its judgment as to Mr. Funk's competency for that of the AHC. The appeals court issued its mandate on February 3, 2010, reversing the judgment outright and ordering that the Commission provide Mr. Funk with his certification. Mr. Funk did not at that time apply for attorney's fees from the court of appeals even though he had prevailed in that court, and the court of appeals did not remand to the trial court or the AHC.

On February 16, 2010, less than two weeks after the court of appeals ruled in his favor, Mr. Funk filed an application with the AHC for reasonable fees and expenses under section 536.087.[3] The AHC initially rejected the application as beyond its jurisdiction because the case had been appealed. But, as explained in further detail below, after remand from the circuit court, the AHC granted Mr. Funk's application for

---

[3] Although Mr. Funk filed the application for attorney's fees with the AHC under the same case number given his initial administrative action, that case had not been remanded to the AHC and was not pending before that body, but the AHC assigned a new case number to the application for attorney's fees and treated it as a separate case. *Cf. Cooling v. State Department of Social Services, 446 S.W.3d 283, 287 (Mo. App. 2014)* (statute "provides that the decision on a fee application is separate from the judgment or order that determined the prevailing party. The *Hernandez* case likewise makes a distinction between underlying case and the fee proceeding. *Hernandez v. State Bd. of Registration for Healing Arts,* 936 S.W.2d 894 (Mo. App. W.D. 1997)").

attorney's fees in the amount of $17,055 and costs in the amount of $2,379.92 on September 10, 2013. It ordered the fees on the basis that "the Commission was not substantially justified in filing an appeal" because it should have known that the circuit court or appellate court would defer to the AHC's factual and credibility findings and so the appeal had little chance of success.

The Commission sought judicial review in the circuit court, which reversed, finding the Commission's position was substantially justified. Mr. Funk appealed. Following an opinion by in the court of appeals, this Court granted transfer. *MO. CONST. art. V., § 10.*

## II. STANDARD OF REVIEW

When a party appeals a circuit court's judgment reviewing an agency decision, "the appellate court does not review the circuit court's decision, but rather the agency decision, that is, the AHC's findings and conclusions[.]" *Bird v. Missouri Bd. of Architects, Prof'l Engineers, Prof'l Land Surveyors & Landscape Architects, 259 S.W.3d 516, 520 (Mo. banc 2008).* "The reviewing or appellate court's determination on any judicial review or appeal heard under this subsection shall be based solely on the record made before the agency or court below." *§ 536.087.7 .*

> The court may modify, reverse or reverse and remand the determination of fees and other expenses if the court finds that the award or failure to make an award of fees and other expenses, or the calculation of the amount of the award, *was arbitrary and capricious, was unreasonable, was unsupported by competent and substantial evidence, or was made contrary to law or in excess of the court's or agency's jurisdiction.*

*§ 536.087.7 (emphasis added).*

9

## III. THE AHC ERRED IN AWARDING ATTORNEY'S FEES

The issue on this appeal is a narrow one. The question whether Mr. Funk should be a state-certified appraiser or whether the Commission erred in denying Mr. Funk's application for that certification has been determined already and is not before this Court. The only issue on this appeal is whether the AHC erred in awarding Mr. Funk attorney's fees and expenses. To resolve this issue, this Court must determine whether Mr. Funk properly and timely filed his request for attorney's fees and whether the AHC properly rejected the Commission's claim that its position was substantially justified.

### A. Mr. Funk should have filed his application for attorney's fees in the appellate court.

Section 536.087 provides that a prevailing party may seek attorney's fees from the agency or court before which the party prevailed:

> 3. *A party seeking an award of fees and other expenses shall, within thirty days of a final disposition in an agency proceeding or final judgment in a civil action,* submit to the *court, agency or commission which rendered the final disposition or judgment* an application which shows that the party is a prevailing party and is eligible to receive an award under this section. …

> 4. *A prevailing party in an agency proceeding shall submit an application for fees and expenses to the administrative body before which the party prevailed. A prevailing party in a civil action on appeal from an agency proceeding shall submit an application for fees and expenses to the court.* The filing of an application shall not stay the time for appealing the merits of a case. When the state appeals the underlying merits of an adversary proceeding, no decision on the application for fees and other expenses in connection with that adversary proceeding shall be made under this section until a final and unreviewable decision is rendered by the court on the appeal or until the underlying merits of the case have been finally determined pursuant to the appeal.

10

*§ 536.087.3 and .4* (emphasis added).[4]

These sections require a party who prevails before an agency to submit an application for attorney's fees and expenses to that agency within 30 days of the final disposition of the agency proceeding. Where, as here, the state appeals the agency determination, "the tribunal before which the fee application was properly brought will retain jurisdiction over that fee application, and the action will be held in abeyance until the adversary proceeding becomes final." *Missouri Comm'n on Human Rights v. Red Dragon Rest., Inc., 991 S.W.2d 161, 172 (Mo. App. 1999)*; accord *State ex rel. Div. of Transp. v. Sure-Way Transp., Inc., 948 S.W.2d 651, 658 (Mo. App. 1997); § 536.087.4*. The prevailing party is not required to continue filing attorney's fee applications at each succeeding level of the process to recover attorney's fees expended on appeal in defense of the AHC decision in the party's favor. Once the proceeding becomes final through an unreviewable decision by a court on appeal, or once the underlying merits of the case are finally determined on appeal, the agency can then determine the attorney's fees awardable, if any, and that award can include fees incurred in the trial and appellate courts in defending the agency decision.[5]

---

[4] Under section 536.087.1 an applicant for attorney's fees must also prove it is a "party" who "prevailed[ed]" in an "agency proceeding" or civil action arising therefrom brought by or against the "state," as those terms are defined in section 536.085.

[5] *Greenbriar Hills Country Club v. Director of Revenue, 47 S.W.3d 346, 359 n.42 (Mo. banc 2001)* (considering the prevailing party's application for fees including fees incurred on appeal of the underlying action and in defending the fee award); *Hernandez v. State Bd. Of Registration for Healing Arts, 936 S.W.2d 894, 901-02 (Mo. App. 1997)* (holding that the administrative body before which the party prevailed retained authority to award fees including "compensation … for all aspects of a litigation… including fees

11

Although Mr. Funk was the prevailing party in the AHC, he did not file an application for attorney's fees and expenses with the AHC within 30 days of its ruling in his favor for a very simple reason: He represented himself and, therefore, had no attorney's fees. He later incurred attorney's fees and expenses because he hired an attorney to represent him when the Commission appealed the AHC decision to the circuit court and then when he appealed the circuit court decision to the court of appeals and ultimately prevailed. Because he had initially prevailed before the AHC, Mr. Funk filed his application for attorney's fees with the AHC within 30 days of prevailing in the court of appeals.

The Commission moved to dismiss the application for attorney's fees. Citing section 536.087, it argued that even though Mr. Funk had no attorney's fees when he first prevailed before the AHC on November 5, 2008, section 536.087 is unequivocal that he was required to file his request for fees within 30 days of that 2008 decision, even if he had to request $0. Because he failed to do so, the Commission argued, his attorney's fee request should be denied.

The AHC properly rejected this argument. While on its face section 536.087.4 requires the party to apply for attorney's fees in the forum in which the party first

---

and expenses incurred in seeking fees[.]"); *State ex rel. Div. of Transp. v. Sure-Way Transp., Inc., 948 S.W.2d 651, 658-59 (Mo. App. 1997)* ("[W]hen the underlying case is appealed by the agency, the fee application will wait in abeyance until the appeals process ends. If at the end of that appeals process the citizen's status as a prevailing party is left undisturbed, the fee application is revived and leave to modify the application should be made and granted by that tribunal which would then include those fees incurred in the appeals process.")

prevailed, the statute does not require a futile act. Had Mr. Funk incurred attorney's fees in that initial AHC proceeding in which he prevailed, section 536.087.3 and .4 would have required him to file his application for attorney's fees with the AHC. Because he did not incur attorney's fees in that AHC proceeding, however, he was not required to seek reimbursement for non-existent fees.

Reading subsections 3 and 4 together, and in light of the intent of the legislature to allow a party who prevails to recover the attorney's fees incurred in prevailing in the forum in which those fees first were incurred, this Court holds that where, as here, a party does not incur attorney's fees at the agency level at which the party first prevails, the party is not required to file an application with the agency to recover such non-existent fees.

But Mr. Funk is also incorrect. He says that, because he first won before the AHC, he was entitled to file an application for attorney's fees with the AHC once he actually later incurred those fees on appeal and prevailed. But section 536.087.4 provides that "a prevailing party in a civil action on appeal from an agency proceeding shall submit an application for fees and expenses to the court." Section 536.087.3 provides that the party who seeks such fees "shall, within thirty days of a … final judgment in a civil action, submit to the court, agency or Commission which rendered the final disposition or judgment an application …." Again, reading subsections 3 and 4 together, the intent of the statutes is that the prevailing party seek attorney's fees in the forum in which the party first *prevailed and incurred those attorney's fees*. Mr. Funk, having first prevailed and incurred fees before the appellate court, therefore, was required to file his

13

application for attorney's fees with the court of appeals.

For this reason, the AHC initially denied Mr. Funk's application for attorney's fees and granted the Commission's motion to dismiss, correctly holding that Mr. Funk should have filed his application for attorney's fees with the court of appeals. By the time the AHC so ruled, more than 30 days had passed since the court of appeals had finally disposed of his appeal. Mr. Funk, therefore, proceeded on a second front. Mr. Funk filed an application for attorney's fees with the court of appeals and, acknowledging the otherwise untimely nature of that filing, asked the court of appeals to recall its mandate and reissue its decision so that, given the unique circumstances, his application for attorney's fees from the court of appeals would be timely. In support, he cited *Greenbriar*, in which this Court noted the unfairness of the fact that the mandate in *Greenbriar* had issued before the time had run for the prevailing party in that case to seek attorney's fees. *47 S.W.3d at 354*. To avoid this unseemly inconsistency, this Court *sua sponte* chose to treat Greenbriar's otherwise untimely application for attorney's fees as a motion to recall the Court's mandate and granted it. The mandate then was reissued and the prevailing party could timely be awarded attorney's fees based on the new mandate. *Id.* [6]

---

[6] An appellate court can, and usually will, remand the case to the trial court or to the agency with directions to determine the award of attorney's fees or remand for entry of a judgment consistent with the court's opinion. For example, in *Berry v. Volkswagen Group of Am., Inc., 397 S.W.3d 425, 433 (Mo. banc 2013),* this Court remanded to the trial court to determine the amount of attorney's fees. *Accord, Rosehill Gardens, Inc. v. Luttrell, 67 S.W.3d 641, 648 (Mo. App. 2002)* (same). *See also Red Dragon, 991 S.W.2d at 173 (*court reversed Commission's award of complainant's litigation costs and

14

Here Mr. Funk did not file either his motion to recall mandate or an application for attorney's fees with the court of appeals within 30 days of the time that court's decision in his favor became final and unreviewable. His application was not timely.

Proceeding on a second front, at the same time as Mr. Funk sought to have the appellate court recall its mandate, he appealed the AHC's dismissal of his application for attorney's fees, arguing that the application had been properly filed with the agency. The circuit court reversed and remanded to the agency without opinion, which Mr. Funk interpreted to mean that the AHC should consider the merits of his attorney's fee claim. Mr. Funk, therefore, filed an amended application for attorney's fees, which the AHC considered on the merits and granted following an evidentiary hearing held on November 30, 2011. This AHC holding was error. For the reasons just noted, Mr. Funk should have sought attorney's fees in the court of appeals, where he first prevailed and incurred such fees, not before the AHC, where he did not incur attorney's fees when prevailing.

This Court need not consider whether, in light of the unique nature of the procedural issues and the lack of precedent addressing where to file when the prevailing party did not incur any fees in the forum in which the party first prevailed, this Court has authority to recognize an exception to the normal timing requirements (much as *Greenbriar* did). For the reasons discussed below, even if Mr. Funk's application were considered to be timely, he should not have been awarded attorney's fees.

---

"remanded the case to the circuit court for remand to the [Commission] for entry of an amended order").

15

***B. The position taken by the Commission in rejecting the application for certification was substantially justified, precluding the award of attorney's fees.***

Section 536.087.1 provides that:

A party who prevails in an agency proceeding or civil action arising therefrom, brought by or against the state, *shall be awarded those reasonable fees* and expenses incurred by that party in the civil action or agency proceeding, *unless the court or agency finds that the position of the state was substantially justified or that special circumstances make an award unjust.*

(Emphasis added). "The burden is on the [state] to establish substantial justification." *Greenbriar, 47 S.W.3d at 354.* The Commission asserts its decision denying Mr. Funk's application for certification was substantially justified and the AHC decision to award fees and costs is arbitrary and capricious, unreasonable, unsupported by competent and substantial evidence, and contrary to law.

### 1. The record before an agency at the time of its decision is examined to determine whether the agency position is substantially justified.

The Commission argues that the AHC applied the wrong standard in determining Mr. Funk's right to attorney's fees and expenses. The AHC based its grant of attorney's fees on its belief that "the Commission was not substantially justified in filing an appeal" of the initial AHC decision because the AHC decision was based on the credibility and weight of the evidence presented to the AHC as to the 2007 appraisals and "credibility determination and the weighing of evidence are this Commission's sole prerogatives … [so s]uch an appeal had no realistic chance of succeeding."

This was error. Although the attorney's fees that Mr. Funk sought were those he

16

incurred while defending his judgment on appeal, his right to those attorney's fees does not depend on whether the Commission's position in its briefs on appeal was meritorious or stood a good chance of success. Every party has a right to appeal so long as the appeal is not frivolous, and the remedy for frivolous appeals is a sanction under Rule 55.03 or Rule 84.19, not the rejection of a "substantially justified" defense.

Section 536.087.3 specifically sets out the standard for determining whether an agency position is substantially justified:

> Whether or not the position of the state was substantially justified *shall be determined on the basis of the record … which is made* in the agency proceeding or civil action for which fees and other expenses are sought, and on the basis of the record of any hearing the court or agency deems appropriate to determine whether an award of reasonable fees and expenses should be made, provided that *any such hearing shall be limited to consideration of matters which affected the agency's decision leading to the position at issue in the fee application.*

(Emphasis added).

"Section 536.087.3 specifically provides that the determination on the issue of substantial justification shall be based on the record made in the agency proceeding for which fees are requested, not on the determination of a higher court when reviewing the agency action for error." *Greenbriar, 47 S.W.3d at 357-58.* In other words, the agency position, which must be shown to be substantially justified, is the Commission's position before the AHC defending its denial of Mr. Funk's initial application for certification as a real estate appraiser because it reasonably believed, based in the record made before the Commission, that he did not meet the competency requirements and standards for state appraiser certification, not the Commission's arguments on appeal.

17

*Dishman v. Joseph, 14 S.W.3d 709, 711, 713-14 (Mo. App. 2000) (Dishman I)*, provides a good example of the application of this standard. In *Dishman I,* the Personnel Advisory Board erroneously reconsidered already litigated facts regarding a nurse's suspension when determining whether the agency's position was substantially justified. *Id. at 718*. The appellate court held that this was error because, when hearing an application for attorney's fees and costs, the Board "could only determine whether the agency's position was substantially justified when it suspended [the nurse] in light of the underlying record in the case which was decided in her favor and *in light of the facts and investigation which the agency showed it considered* in deciding to suspend her and in trying to uphold that suspension." *Id.* (Emphasis added). In other words, when considering whether the nurse was entitled to attorney's fees and expenses after prevailing on an appeal of her suspension, the reviewing agency "could only determine whether the agency's position was substantially justified *when it suspended [the nurse]*...." *Id.* (Emphasis added).

Similarly, in *Greenbriar,* the country club applied to this Court for attorney's fees after winning a tax appeal. *47 S.W.3d at 349-50*. While the fees sought by Greenbriar included those it incurred on appeal, the determination of whether it was entitled to those fees did not depend on the merits of the Department of Revenue's position on appeal. Rather, this Court considered whether "the Director's position in the *original AHC proceeding* had a reasonable basis in fact and law" to determine whether the Director's position was substantially justified. *Id. at 358* (emphasis added); *accord Pulliam v. State, 96 S.W.3d 904, 907 (Mo. App. 2003)* ("In reaching a fee decision, the agency may

18

consider the facts as determined in the underlying action, how those facts reasonably may have appeared at the time the action was initiated, and the thoroughness of the investigation preceding the action.").

The AHC failed to follow this standard here. Rather than properly limiting itself to considering whether the Commission's position in the original proceeding was substantially justified, it considered whether the appeal from that decision was substantially justified and determined that, under the deferential standard of review, it was not. That was not the correct analysis.

### 2. The Commission's position was reasonably based in law and fact.

This Court finds that the AHC's decision that the Commission's denial of Mr. Funk's application for state appraiser certification was not substantially justified was unsupported by competent and substantial evidence and is contrary to law. "Missouri courts have interpreted the term 'substantially justified' to mean there must be 'reasonable basis both in law and fact' for the government's actions." *Greenbriar, 47 S.W.3d at 354.*

In *State ex rel. Pulliam v. Reine, 108 S.W.3d 148, 158-59, 161 (Mo. App. 2003),* the court held that there was substantial justification for the Missouri Board of Nursing Home Administrators' discipline of a nursing home administrator because an investigation of alleged wrongdoing provided a factual basis for the proceedings and the Board had statutory authority to enforce licensure provisions.

By contrast, in *Hyde v. Department of Mental Health, 200 S.W.3d 73, 77 (Mo.*

*App. 2006)*, the court found that the agency denied services based on "emergency criteria" but did not show "that its criteria was reasonable and was applied appropriately." In *Joseph v. Dishman, 81 S.W.3d 147, 151, 153 (Mo. App. 2002)* (*Dishman II*), decided after *Dishman I* remanded the case, the court held the agency decision to discipline the nurse was not substantially justified because the agency did not come forward with any testimony explaining the investigation or defending the reasonableness of the action but instead "contented itself with the perfunctory filing of two affidavits offering little in the way of substance."

The evidence of substantial justification presented by the Commission differs from the evidence presented in cases such as *Dishman II* and *Hyde,* in which the agency did not present substantial evidence that its decision was substantially justified. This case is, rather, like the evidence in *Pulliam* in which the agency position was substantially justified. Here, the Commission submitted evidence that showed the factual basis for the denial of Mr. Funk's application and presented evidence of the Commission's statutory criteria for issuing state appraiser certifications, its investigation into Mr. Funk's knowledge and understanding of appraisal methods, its application of the statutory standards to Mr. Funk's work, and its expert testimony explaining how Mr. Funk's 2006 appraisals violated the standards and gave cause to deny his application.

The AHC denial hearing record was stipulated to be a part of the attorney's fee hearing record. It showed that the Commission based its denial of Mr. Funk's application on the errors and violations of appraiser standards the Commission found in the 2006 appraisal reports and the lack of understanding of appraisal methods Mr. Funk

20

demonstrated at the meeting with the Commission.  Mr. Funk did not claim that the 2006 reports were prepared correctly (although he did claim their inadequacy did not justify the denial of his application) but, rather, argued to the AHC at that denial hearing that the 2007 reports were a more accurate representation of his competence and constituted substantial evidence supporting certification.

The AHC agreed with Mr. Funk as to the adequacy of the 2007 appraisal reports. But the 2007 reports were not in evidence before the Commission when it made its decision.  Mr. Funk introduced them for the first time at the AHC hearing.  Assuming the AHC properly considered those unobjected-to 2007 reports in reaching its decision in favor of Mr. Funk at the denial hearing (an issue not now before the Court), because those reports were not before the Commission when it made its decision, the AHC should not have considered them in determining whether the Commission's rejection of his application was substantially justified.  To again quote *Dishman I*, the Commission "could only determine whether the agency's position was substantially justified … in light of the underlying record in the case … and *in light of the facts and investigation which the agency showed it considered .…*"  *14 S.W.3d at 718* (emphasis added).

In determining attorney's fees and costs, the AHC should have considered whether the Commission's rejection of Mr. Funk's application was substantially justified based on the information before the Commission when it rejected the application.  The record before the Commission included the 2006 appraisal reports and the information the Commission gained in its meeting with Mr. Funk, and the AHC should have considered "how these facts reasonably may have appeared" to the Commission when it denied

21

Mr. Funk's application.[7]

Section 536.087.3 explicitly states that the fact "that the state has lost the agency proceeding or civil action creates no legal presumption that its position was not substantially justified." This is because even if the agency "was determined in the underlying case to be wrong … [it] does not necessarily mean that the State's position was not well-founded in law and fact." *Dishman I, 14 S.W.3d at 718-19*. Rather, it means that the burden is on the agency to show that the basis for the agency's position was "clearly reasonable, although not necessarily correct." *Id. at 717.* This standard is particularly appropriate here, where the basis of the AHC reversal was evidence that never was put before the Commission. In other words, the AHC did not reject the basis of the Commission's decision because it found the denial of certification was unreasonable or not well-founded based on the evidence before the Commission. The AHC simply found that the certification should have been granted based on additional evidence first presented only once the case was appealed to the AHC.

For these reasons, the AHC award of attorney's fees and costs based on its determination that the Commission's position was not substantially justified is

---

[7] Mr. Funk argues that whether the Commission was substantially justified in its initial decision to deny the state appraiser certification is not germane because he incurred no fees until the appeal of the AHC decision reversing the denial. The fact that Mr. Funk did not incur attorney's fees until the appeal is relevant to the determination of the amount of the award, but, as discussed above, the position at issue is substantial justification for the Commission's denial of his state appraiser certification. The statutory language is clear that "matters which affected the agency's decision leading to the position at issue in the fee application" are germane to the question whether a position is substantially justified. *§ 536.087.3.*

unsupported by competent and substantial evidence and is contrary to law. Taking the facts as found by the Commission in its initial decision and in light of the statutes and rules governing the grant of certification, the Commission's denial of Mr. Funk's application for state certification was "clearly reasonable, well-founded in law and fact, solid, although not necessarily correct." *Dishman I, 14 S.W.3d at 719.*

## IV. CONCLUSION

The judgment of the circuit court reversing the decision of the AHC is affirmed.[8]

_____
**LAURA DENVIR STITH, JUDGE**

Breckenridge, C.J., Fischer, Draper, Wilson
and Russell, JJ., concur; Teitelman, J., concurs
in part in separate opinion filed.

---

[8] As this Court determines that Mr. Funk is not entitled to attorney's fees and costs, this Court overrules as moot his motion for reasonable fees and expenses on appeal.


| | | |
|---|---|---|
| MISSOURI REAL ESTATE APPRAISERS COMMISSION, | ) ) | |
| Respondent, | ) ) | |
| vs. | ) ) | No. SC95255 |
| MARK A. FUNK, | ) ) | |
| Appellant. | ) ) | |

**OPINION CONCURRING IN PART**

I concur in sections I through III(A) of the principal opinion. The fact that Mr. Funk did not timely file his application for attorney fees in the proper forum is dispositive. I express no opinion regarding the dicta pertaining to whether the commission's decision was substantially justified.

_____
Richard B. Teitelman, Judge