

# Missouri Court of Appeals

### Southern District

### Division One

STATE OF MISSOURI, EX REL. )
DEPARTMENT OF NATURAL )
RESOURCES, )
 )
   Petitioner, )
 )
v. ) No. SD37045
 ) Filed: July 19, 2022
FOWLER LAND COMPANY, INC., and )
MARGARET LEIST REVOCABLE )
TRUST, SANDY RUNNELS and )
LINDA HENDERSON, TRUSTEES, )
 )
   Respondents. )

ON PETITION FOR JUDICIAL REVIEW
FROM THE MISSOURI MINING COMMISSION

**REVERSED AND REMANDED WITH DIRECTIONS**

The Missouri Department of Natural Resources (DNR) filed a petition for judicial review with this Court concerning an award of attorney fees and expenses, pursuant to § 536.087, to Fowler Land Company, Inc., *et al.* (collectively referred to as Fowler) by the Missouri Mining Commission (MMC) in this contested administrative case arising out of the Missouri Surface Coal Mining Law in §§ 444.800-.980.[1] DNR contends MMC did not

---

[1] All statutory references are to RSMo (2016), unless otherwise specified.

have the authority to award attorney fees and expenses because Fowler did not timely file a fee application with this Court. We agree. Therefore, we reverse MMC's award to Fowler and remand with directions to deny the fee application. *See* § 536.140.5.

**Background**

This case arises out of the prior appeal involving these same parties decided by this Court on May 6, 2015. *See **Fowler Land Co., Inc. v. Missouri Dep't of Nat. Res.***, 460 S.W.3d 502 (Mo. App. 2015). The appeal involved the Missouri Surface Coal Mining Law and its implementing regulations. *Id*. at 503. The Missouri Land Reclamation Commission (MLRC) approved an application by Alternate Fuels, Inc. (AFI) to revise Permit No. 1991-02. *Id*. Fowler had argued unsuccessfully that MLRC lacked the legal authority to approve the revision without the property owners' consent to the creation of water impoundments on their land. *Id*. Fowler timely sought judicial review of that decision in the Circuit Court of Barton County, Missouri. *See* § 444.900. The trial court affirmed the MLRC decision, and Fowler appealed. *See* § 536.140.6.

On appeal, this Court held that "AFI's application for the 2011 Permit Revision should not have been approved without [Fowler's] consent, and the Commission misapplied the law in upholding [DNR's] approval of it. [Fowler's] third point is granted." ***Fowler***, 460 S.W.3d at 512. Accordingly, we decided that:

> The trial court's judgment affirming the Commission's decision upholding [DNR's] approval of the 2011 Permit Revision is reversed, and the case is remanded. The trial court is directed to enter a new judgment, consistent with this opinion, reversing the Commission's decision and remanding the case back to the Commission with directions to the Commission to enter a new order, consistent with this opinion, denying AFI's application for the 2011 Permit Revision.

2

*Id*. This was the first time that Fowler had prevailed on its owner-consent argument.

Fowler did not file an attorney-fee application with this Court. Our mandate, which issued on May 22, 2015, stated:

> On this day, the Court, being sufficiently advised of and concerning the premises, does consider and adjudge that the judgment rendered by the Circuit Court of Barton County affirming the Commission's decision is reversed, and that said cause is remanded to the said Circuit Court of Barton County with directions to the trial court to enter a judgment reversing the Commission's decision and remanding the case back to the Commission with directions to the Commission to enter a new order, all consistent with the opinion of this Court herein delivered; and that appellants recover of respondents costs and charges herein expended and have execution therefor.

On June 12, 2015, the Barton County Circuit Court entered a judgment ordering MMC to deny AFI's application to revise Permit No. 1991-02.[2] On July 23, 2015, MMC issued an order denying AFI's request for a permit modification.

On August 21, 2015, Fowler filed an application for attorney fees and expenses with the Administrative Hearing Commission (AHC). DNR filed a motion to dismiss the application as untimely on the ground that it should have been filed with this Court within 30 days of our decision. The AHC denied the motion. DNR renewed the motion, arguing that AHC lacked the authority to hold an evidentiary hearing and make recommendations regarding attorney fees based on the 2015 appeal. On December 10, 2015, AHC granted DNR's second motion and dismissed Fowler's attorney-fee application.

Fowler filed a petition for judicial review in the Circuit Court of Barton County. On September 18, 2018, the trial court reversed the AHC's dismissal of Fowler's attorney-

---

[2] Effective August 28, 2014, the MMC was created. *See* § 444.520. It replaced the MLRC as the Commission named in the Missouri Surface Coal Mining Law. *Compare* § 444.805(4) RSMo Noncum. Supp. (2014), *and* RSMo (2000).

3

fee application. The court remanded the case back to AHC with instructions to conduct an evidentiary hearing and issue a recommendation to MMC.

On remand, AHC held an evidentiary hearing and, on August 4, 2020, issued its recommendation to MMC. On February 18, 2021, MMC adopted AHC's recommendation to award Fowler attorney fees of $106,402.50 and expenses of $18,707.48 incurred during the underlying agency adversary proceeding. DNR filed a petition for judicial review with this Court.

### Discussion and Decision

*Fowler's Motion to Dismiss DNR's Petition for Review*

DNR's petition for judicial review was filed with this Court on March 22, 2021. Fowler filed a motion to dismiss the petition, arguing that this Court lacked jurisdiction to conduct judicial review. We took that motion with the case. For the following reasons, we deny Fowler's motion to dismiss.

Fowler's attorney-fee application was based upon the provisions of § 536.087. This statute "authorizes an award of attorney's fees, subject to certain stated conditions, to a party who prevails in an agency proceeding or civil action arising therefrom." *Cooling v. State Dep't of Soc. Servs., Fam. Support Div.*, 446 S.W.3d 283, 286 (Mo. App. 2014). "A party who prevails in an agency proceeding or civil action arising therefrom, brought by or against the state, shall be awarded those reasonable fees and expenses incurred by that party in the civil action or agency proceeding, unless the court or agency finds that the position of the state was substantially justified or that special circumstances make an award unjust." § 536.087.1.

Other provisions of this statute specify the procedures and timing requirements that must be followed to be awarded attorney fees and expenses:

4

3. A party seeking an award of fees and other expenses shall, within thirty days of a final disposition in an agency proceeding or final judgment in a civil action, submit to the court, agency or commission which rendered the final disposition or judgment an application which shows that the party is a prevailing party and is eligible to receive an award under this section ….

4. A prevailing party in an agency proceeding shall submit an application for fees and expenses to the administrative body before which the party prevailed. A prevailing party in a civil action on appeal from an agency proceeding shall submit an application for fees and expenses to the court. The filing of an application shall not stay the time for appealing the merits of a case. …

6. The decision of a court or an agency on the application for reasonable fees and expenses shall be in writing, separate from the judgment or order of the court or the administrative decision which determined the prevailing party, and shall include written findings and conclusions and the reason or basis therefor. The decision of a court or an agency on the application for fees and other expenses shall be final, subject respectively to appeal or judicial review.

7. If a party or the state is dissatisfied with a determination of fees and other expenses made in an agency proceeding, that party or the state may within thirty days after the determination is made, seek judicial review of that determination from the court having jurisdiction to review the merits of the underlying decision of the agency adversary proceeding. If a party or the state is dissatisfied with a determination of fees and other expenses made in a civil action arising from an agency proceeding, that party or the state may, within the time permitted by law, appeal that order or judgment to the appellate court having jurisdiction to review the merits of that order or judgment. …

§ 536.087.3-.4 and .6-.7.

After the underlying agency adversary proceeding involving the permit modification was decided by MLRC, judicial review was authorized "as provided in chapter 536." § 444.900. That judicial-review process was initiated by filing a timely petition for review "in the circuit court of the county of proper venue[.]" § 536.110.1. Barton County was that venue. The circuit court's judicial-review judgment was subject to appeal as in other civil cases. § 536.140.6. As noted above, the permit-modification

5

appeal was decided by this Court on May 6, 2015, and our mandate issued on May 22, 2015.

Effective August 28, 2015, § 444.980 changed the procedure for judicial review of certain decisions made by MMC. This new statute applies "[w]henever a surface coal mining operation permit provided under section 444.815 or a coal exploration operation permit provided under section 444.845 is issued, denied, suspended, or revoked by [DNR.]" § 444.980. The statute also explicitly states that "[t]he commission's decision shall be subject to judicial review pursuant to chapter 536, except that the court of appeals district with territorial jurisdiction coextensive with the county where the mine is located or is to be located shall have original jurisdiction." § 444.980. Thus, the procedure for judicial review of the decisions covered by § 444.980 was changed so that the court of appeals, rather than the circuit court, now conducts the judicial review. *See **Ladd v. Missouri Bd. of Prob. & Parole***, 299 S.W.3d 33, 37 (Mo. App. 2009) (when a specific statute exists concerning procedures for judicial review of administrative decisions, it is to be followed to the exclusion of the general provisions of Chapter 536 concerning such judicial review).

It is a well settled principle of Missouri law that if, before a final agency decision, "a new law as to procedure is enacted and goes into effect, it must from that time govern and regulate the proceedings." ***State ex rel. Atmos Energy Corp. v. Pub. Serv. Comm'n of State***, 103 S.W.3d 753, 762 (Mo. banc 2003) (citation omitted); ***Land Clearance for Redevelopment Auth. of City of St. Louis v. Inserra***, 284 S.W.3d 641, 645 (Mo. App. 2009). New procedural laws govern and regulate the proceedings from the effective date of their enactment and apply to all actions falling within their terms, including to pending cases. ***Metro Fill Dev., LLC v. St. Charles Cnty.***, 614 S.W.3d 582, 590 (Mo. App. 2020).

Here, MMC granted an award of attorney fees and expenses to Fowler on February 18, 2021. Because DNR was dissatisfied with that determination, it was entitled to "seek judicial review of that determination from the court having jurisdiction to review the merits of the underlying decision of the agency adversary proceeding." § 536.087.7.[3] After the passage of § 444.980, this Court would conduct judicial review of an MMC adversary proceeding involving the issuance of a coal-mining-operation permit pursuant to the Missouri Surface Coal Mining Law. Therefore, DNR correctly filed its petition for review with this Court. *See* § 444.980. DNR's petition for review was filed on March 22, 2021. Rule 44.01(a) states:

> **(a) Computation.** In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a legal holiday. When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation.

*Id*. MMC's award of attorney fees and expenses was made on February 18, 2021. That day is excluded from the computation. The 30-day period referenced in § 536.087.7 ended

---

[3] Fowler argues that, because the Barton County Circuit Court previously ruled that AHC and MMC have jurisdiction, this Court is bound by the doctrine of the law of the case and cannot now rule that the previous forums lacked jurisdiction. That is incorrect. "The general rule is that the decision of an appellate court is the law of the case on all points presented and decided and remains the law of the case throughout all subsequent proceedings, both in the trial and appellate courts, and no question involved and decided in the first appeal of the cause will be considered on a second appeal, and on a retrial should not be considered by the trial court." **Smith v. Brown & Williamson Tobacco Corp.**, 410 S.W.3d 623, 634 n.4 (Mo. banc 2013). The law of the case doctrine does not apply to rulings made by the circuit court and has no effect on our consideration of the attorney-fee issue.

7

on March 20, 2021, which was a Saturday. Therefore, the filing deadline did not expire until the end of the day on March 22, 2021. DNR's petition for review was timely filed.

Pursuant to § 536.087.7 and § 444.980, this Court possesses original jurisdiction to conduct judicial review of MMC's attorney-fee award. Accordingly, Fowler's motion to dismiss is denied.

<em>Fowler Did Not Timely File an Attorney-Fee<br/>Application in the Correct Forum</em>

The scope of this Court's judicial review of MMC's award of fees and expenses is limited by § 536.087.7. In relevant part, this subsection of the statute states:

> The reviewing or appellate court's determination on any judicial review or appeal heard under this subsection shall be based solely on the record made before the agency or court below. The court may modify, reverse or reverse and remand the determination of fees and other expenses if the court finds that the award or failure to make an award of fees and other expenses, or the calculation of the amount of the award, was arbitrary and capricious, was unreasonable, was unsupported by competent and substantial evidence, or was made contrary to law or in excess of the court's or agency's jurisdiction.

*Id*. "Whether an award of fees and expenses pursuant to section 536.087 was made contrary to law or in excess of the court's or agency's jurisdiction or authority raises a question of law we review *de novo*." ***Baker v. Dep't of Mental Health***, 408 S.W.3d 228, 232 (Mo. App. 2013).

DNR contends Fowler did not timely file its application for attorney fees and expenses in the right forum. DNR argues that Fowler's fee application should have been filed with this Court within 30 days of its decision in favor of Fowler. We agree.

It is a well settled principle of law that a party seeking to recover attorney fees and expenses pursuant to § 536.087 is required to file its application for fees with the administrative agency or court in which the party "*first* prevailed." ***Countryclub Homes,***

8

*LLC v. Missouri Dep't of Nat. Res.*, 591 S.W.3d 882, 898 (Mo. App. 2019). When a party first prevails before an appellate court and receives a final decision, the party must file its fee application with that court. *Missouri Real Estate Appraisers Comm'n v. Funk*, 492 S.W.3d 586, 594 (Mo. banc 2016); *Greenbriar Hills Country Club v. Dir. of Revenue*, 47 S.W.3d 346, 353 (Mo. banc 2001). "In a section 536.087 proceeding, a party 'prevails' when obtaining 'a favorable order, decision, judgment, or dismissal in a civil action or agency proceeding.'" *Greenbriar*, 47 S.W.3d at 353; § 536.085(3). "A final disposition in an agency proceeding or a civil action occurs whenever the decision disposes of all issues as to all parties and leaves nothing for future determination." *Greenbriar*, 47 S.W.3d at 353. The issuance of a mandate from the appellate court makes the decision final. *See Funk*, 492 S.W.3d at 594; *Greenbriar*, 47 S.W.3d at 353.

In the case at bar, Fowler first prevailed on its owner-consent argument in this Court. Per *Funk* and *Greenbriar*, Fowler should have timely filed its attorney-fee application with this Court. In *Greenbriar*, for example, the Supreme Court of Missouri had to withdraw its mandate to permit the prevailing party to timely file a fee application after it first prevailed in that Court. *Greenbriar*, 47 S.W.3d at 354. The failure to file a timely fee application with this Court means Fowler is not entitled to an award of attorney fees and expenses. Because Fowler did not first prevail before MMC, that agency did not have the authority to grant such fees and expenses to Fowler. Therefore, MMC's award was made contrary to law and in excess of the agency's jurisdiction. *See* § 536.087.7.

In so holding, we reject as meritless Fowler's argument that it first prevailed before MMC when the agency finally denied the permit modification. The winning owner-consent argument was first accepted by this Court. Our opinion disposed of all issues as to all parties and left nothing for future determination. *See Greenbriar*, 47 S.W.3d at 353.

9

Our mandate reversed the judgment of the Circuit Court of Barton County and remanded with directions "to enter a judgment reversing the Commission's decision and remanding the case back to the Commission with directions to the Commission to enter a new order, all consistent with the opinion of this Court herein delivered[.]"  This was a limited remand with directions, which required the circuit court to enter a new judgment in conformity with the opinion.  *See* **Guidry v. Charter Communications, Inc.**, 308 S.W.3d 765, 768 (Mo. App. 2010) (scope of trial court's authority on remand is defined by appellate court's mandate).  Any actions by MMC contrary to the mandate and directions therein would be unauthorized and void.  **Lowe v. Mercy Clinic E. Communities**, 641 S.W.3d 210, 223 (Mo. App. 2021).  Consequently, our opinion and mandate in the first appeal left nothing to be decided and was a final disposition of the underlying agency adversary proceeding.  DNR's point is granted.

**Conclusion**

Because Fowler's application for attorney fees and expenses was not timely filed with this Court, Fowler was not entitled to recover such fees and expenses pursuant to § 536.087.  MMC also lacked the authority to award such fees and expenses to Fowler.  Accordingly, we reverse MMC's award of attorney fees and expenses and remand with directions for MMC to deny Fowler's fee application.  *See* § 536.087.7.  Fowler's motion for additional fees on appeal is denied.

JEFFREY W. BATES, J. – OPINION AUTHOR

WILLIAM W. FRANCIS, JR., P.J. – CONCUR

JACK A. L. GOODMAN, J. – CONCUR