

# SUPREME COURT OF MISSOURI
## en banc

STATE OF MISSOURI, EX REL. )
DEPARTMENT OF NATURAL )
RESOURCES, )
      )
      Petitioner, )
      )
v. )
      )
FOWLER LAND COMPANY, INC., AND )
MARGARET LEIST REVOCABLE )
TRUST, SANDY RUNNELS AND )
LINDA HENDERSON, TRUSTEES, )
      )
      Respondents. )

*Opinion issued July 20, 2023*

No. SC99740

### PETITION FOR REVIEW OF A DECISION OF
### THE MISSOURI MINING COMMISSION

The Missouri Department of Natural Resources (hereinafter, "DNR") seeks judicial review of the Missouri Mining Commission's (hereinafter, "the Commission")[1] decision awarding attorney fees and expenses in favor of Fowler Land Company, Inc. and the Margaret Leist Revocable Trust (hereinafter and collectively, "Landowners") after they

---

[1] The Missouri Land Reclamation Commission was renamed the Missouri Mining Commission effective August 28, 2014, as stated in the Missouri Surface Coal Mining Law, section 444.520, RSMo Supp. 2015. "The Commission" refers to the Missouri Land Reclamation Commission for acts until August 2014; thereafter, the reference is to the Missouri Mining Commission.

prevailed in protracted litigation concerning the creation of water impoundments on their land. DNR raises points of error regarding which tribunal has jurisdiction or authority to rule on Landowners' fee application, whether Landowners' fee application was timely, and the effect of prior rulings and court remands to determine when Landowners prevailed to trigger the time period to seek an award of attorney fees and expenses pursuant to section 536.087, RSMo 2016.[2] Landowners cross-appeal, arguing a special factor exists justifying an increased hourly attorney fee rate when calculating a fee award.

This Court holds Landowners first prevailed, for purposes of section 536.087, when the circuit court issued its June 12, 2015, judgment. Landowners filed their fee application on August 21, 2015, which was beyond the thirty-day statutory deadline, rendering the fee application untimely. Accordingly, the Commission erred in awarding Landowners fees and expenses, and its decision is reversed. Landowners' motion for additional attorney fees and expenses is overruled.

## Factual and Procedural Background

Alternative Fuels, Inc. (hereinafter, "AFI") owned mining operations in Barton County and leased land from Landowners to conduct coal mining pursuant to a permit issued by the Commission. During the original permit application process, Landowners consented to AFI's creation of specific water impoundments on their property. AFI constructed the water impoundments on Landowners' property, but also constructed additional impoundments without their consent or authorization.

---

[2] All statutory references are to RSMo 2016 unless otherwise indicated.

DNR initiated formal enforcement actions against AFI regarding the unauthorized water impoundments. AFI sought, and subsequently received in 2011, approval from DNR for a permit revision (hereinafter, "2011 Permit Revision"). Landowners appealed to the Commission, arguing any permit revision required their consent to create additional water impoundments on their land. In March 2012, the Commission upheld DNR's approval of the 2011 Permit Revision. Landowners filed a timely petition for judicial review in the Barton County circuit court. The circuit court affirmed the Commission's decision.

Landowners appealed the Commission's decision to the Missouri Court of Appeals, Southern District. On May 6, 2015, the Southern District reversed the circuit court's judgment affirming the Commission's decision and remanded the case, stating:

> The [circuit] court's judgment affirming the Commission's decision upholding [DNR's] approval of the 2011 Permit Revision is reversed, and the case is remanded. The [circuit] court is directed to enter a new judgment, consistent with this opinion, reversing the Commission's decision and remanding the case back to the Commission with directions to the Commission to enter a new order, consistent with this opinion, denying AFI's application for the 2011 Permit Revision.

*Fowler Land Co. v. Mo. Dep't Nat. Res.*, 460 S.W.3d 502, 512 (Mo. App. S.D. 2015) [hereinafter *Fowler 2015*]. The Southern District issued its mandate on May 22, 2015.

On June 12, 2015, pursuant to the Southern District's opinion, the circuit court entered a judgment reversing the Commission's decision approving AFI's 2011 Permit Revision application. The circuit court remanded the case to the Commission with directions for the Commission to enter a new order, consistent with the Southern District's judgment, denying AFI's 2011 Permit Revision application. The Commission issued that order on July 23, 2015.

3

On August 21, 2015, Landowners filed a fee application with both the administrative hearing commission (hereinafter, "AHC") and the Commission. Landowners contended that, upon entry of the Commission's July 23, 2015 order, they became the prevailing party and were entitled to attorney fees and expenses. Landowners further argued special factors existed justifying an increase from the statutory hourly attorney fee rate of $75 per hour to $200 per hour.[3] DNR filed a motion to dismiss, arguing Landowners first prevailed when the Southern District issued its opinion on May 6, 2015, which was final and unreviewable when the Southern District issued its mandate on May 22, 2015. Hence, DNR contended Landowners were required to file their fee application in the Southern District within thirty days pursuant to section 536.087.3. DNR maintained Landowners' fee applications with the AHC and Commission were improper. DNR also argued Landowners could not file a fee application with the Southern District because it would be untimely. The AHC overruled DNR's motion. DNR filed a second motion to dismiss, arguing the AHC lacked authority to hold a hearing or recommend a fee award after the *Fowler 2015* remand. In December 2015, the AHC sustained DNR's motion, finding it lacked jurisdiction to act as a hearing officer for another agency in a fee application case.

---

[3] Section 536.085(4) states, "attorney fees shall not be awarded in excess of seventy-five dollars per hour unless the court determines that a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."

Landowners filed a petition for judicial review of the AHC's decision in the circuit court. In September 2018, the circuit court reversed the AHC's dismissal of Landowners' fee application and remanded the case to the AHC with directions to conduct an evidentiary hearing and issue a fee recommendation to the Commission. DNR did not appeal the circuit court's judgment. On remand, the AHC held an evidentiary hearing. On August 4, 2020, the AHC issued a fee recommendation in Landowners' favor but denied their request for prejudgment interest and found no special factor existed justifying an increased hourly attorney fee rate. The Commission adopted the AHC's fee and expense award recommendation.

In February 2021, Landowners filed a petition for judicial review in the circuit court challenging the existence of a special factor and the denial of prejudgment interest.[4] In the meantime, DNR filed a petition for appellate review of the Commission's award in the Southern District, arguing the Commission lacked jurisdiction to issue the award because Landowners' fee application was untimely pursuant to section 536.087.3. DNR contended this section required Landowners to file their fee application in the Southern District within thirty days of its mandate in *Fowler 2015*, not with the AHC following the Commission's order on remand denying AFI's 2011 Permit Revision application. Landowners filed two motions to dismiss DNR's petition for appellate review. First, Landowners argued the Southern District lacked original jurisdiction to review the Commission's decision because

---

[4] DNR filed a motion to dismiss Landowners' petition for judicial review, arguing the circuit court lacked original jurisdiction to review the Commission's decision because section 444.600.2 specifies the Southern District has original jurisdiction to conduct this review. That proceeding has been held in abeyance pending the outcome in this case.

section 536.087.7 vested jurisdiction with the circuit court to conduct the review. Second, Landowners claimed DNR's petition for appellate review was untimely because it was not filed within thirty days.

The Southern District overruled Landowners' dismissal motions, reversed the Commission's fee award, and remanded the case with directions for the Commission to enter a decision denying Landowners' fee application. *State ex rel. Dep't of Nat. Res. v. Fowler Land Co.,* No. SD 37045, 2022 WL 2816251 (Mo. App. S.D. July 19, 2022) [hereinafter *Fowler 2022*]. The Southern District determined Landowners first prevailed for purposes of filing a fee application in *Fowler 2015* and, therefore, should have filed their fee application with the Southern District within thirty days of its decision in their favor. *Id*. at \*5. The Southern District rejected Landowners' argument they first prevailed before the Commission in July 2015, finding the Southern District was the first tribunal to accept their legal position. *Id*. The Southern District further found its "opinion disposed of all issues as to all parties and left nothing for further determination" because it issued "a limited remand with directions, which required the circuit court to enter a new judgment in conformity with the opinion." *Id*.

This Court granted Landowners' application for transfer and has jurisdiction. Mo. Const. art. V, sec. 10. DNR raises three points of error regarding which tribunal has jurisdiction or authority to rule on Landowners' fee application, the timeliness of Landowners' fee application, and the effect of prior rulings, including the effect of the *Fowler 2015* remand. Landowners cross-appeal, arguing the Commission erred in failing to find a special factor existed justifying an increased hourly rate. Landowners also filed

6

a motion for additional attorney fees and expenses incurred since the AHC issued its fee recommendation in August 2020 and through this appeal.

## Standard of Review

Section 536.087 sets forth this Court's review of the Commission's decision to award Landowners' attorney fees and expenses and provides in pertinent part:

> The court may modify, reverse or reverse and remand the determination of fees and other expenses if the court finds that the award or failure to make an award of fees and other expenses, or the calculation of the amount of the award, was arbitrary and capricious, was unreasonable, was unsupported by competent and substantial evidence, or was made contrary to law or in excess of the court's or agency's jurisdiction.

Section 536.087.7; *see also Mo. Real Estate Appraisers Comm'n v. Funk*, 492 S.W.3d 586, 592 (Mo. banc 2016). "The reviewing or appellate court's determination on any judicial review or appeal heard under this subsection shall be based solely on the record made before the agency or court below." Section 536.087.7. This Court will resolve questions of law, including questions of statutory interpretation, *de novo*. *Treasurer of Mo. v. Parker*, 622 S.W.3d 178, 180-81 (Mo. banc 2021).

## Prevailing Party and Finality

Landowners' fee application was filed pursuant to section 536.087.1, "the general statutory provision allowing non-state parties to recover attorney's fees and expenses from the state when prevailing in agency proceedings." *Greenbriar Hills Country Club v. Dir. of Revenue*, 47 S.W.3d 346, 351 (Mo. banc 2001) [hereinafter *Greenbriar II*]. A prevailing party must file a fee application "within thirty days of a final disposition in an agency

7

proceeding or final judgment in a civil action … to the court, agency or commission which rendered the final disposition or judgment ….” Section 536.087.3.

“[T]o determine when the thirty-day statutory limit [is] triggered, it must first be determined what it means to prevail in such a proceeding, and when the final disposition or judgment was issued that made [Landowners] the prevailing party.” *Greenbriar II*, 47 S.W.3d at 353. A party prevails for purposes of section 536.087 when it “obtains a favorable order, decision, judgment, or dismissal in a civil action or agency proceeding.” Section 536.085(3).

It is undisputed Landowners were the prevailing party. The parties disagree, however, about when the final disposition or judgment was issued making Landowners the prevailing party and triggering the thirty-day filing deadline. DNR argues that, after *Fowler 2015*, Landowners were required to file their fee application in the Southern District because the remand did not delay finality of its decision and was not subject to further review. In *Fowler 2022*, the Southern District determined Landowners first prevailed when it issued *Fowler 2015* because that was when Landowners’ argument that owner consent was required to build the water impoundments was first accepted. The Southern District in *Fowler 2022* maintained *Fowler 2015* contained a limited remand with directions, and any action by the Commission that was contrary to the mandate and directions would be unauthorized and void. Accordingly, DNR urges this Court to adopt the *Fowler 2022* reasoning to find the *Fowler 2015* opinion and mandate left nothing to be decided and constituted a final disposition of the underlying agency adversary proceeding. Landowners disagree. They maintain there was no final judgment or final disposition in

8

an agency proceeding until the Commission issued its final decision on July 23, 2015, on remand. This Court rejects both of these assertions.

"'[A] 'final' disposition in an agency proceeding or a civil action occurs whenever the decision disposes of all issues as to all parties and leaves nothing for future determination.'" *Greenbriar II*, 47 S.W.3d at 353 (quoting *Davis v. Angoff*, 957 S.W.2d 340, 343 (Mo. App. W.D. 1997)). Contrary to the Southern District's analysis in *Fowler 2022*, the *Fowler 2015* decision did not constitute a final disposition of the proceedings or resolve all legal issues because it remanded the case for further proceedings. *Fowler 2022*'s and DNR's reliance on *Greenbriar Hills Country Club v. Director of Revenue*, 935 S.W.2d 36, (Mo. banc 1996) [hereinafter *Greenbriar I*], and *Funk* to support this position is misplaced. In *Greenbriar I*, this Court's disposition of the case was "[t]he decision of the AHC is reversed," without an express or specific remand. *Greenbriar I*, 935 S.W.2d at 39. Similarly, in *Funk*, this Court recognized the court of appeals "did not remand to the [circuit] court or AHC" but, instead, "revers[ed] the judgment outright" and ordered the Commission to provide the plaintiff with his certification. *Funk*, 492 S.W.3d at 591-92. By contrast, *Fowler 2015* expressly remanded the case with directions to the circuit court and the Commission. Had the Southern District intended to finally dispose of the underlying agency proceeding in *Fowler 2015*, it should have "give[n] such judgment as the court ought to [have] give[n]" pursuant to Rule 84.14, which it plainly did not do.

What *Fowler 2015* accomplished, however, was to remand the case to the circuit court so it could enter a new judgment. The circuit court's June 12, 2015 judgment finally disposed of the parties' dispute regarding the 2011 Permit Revision in Landowners' favor.

Landowners became the prevailing party on this date because they obtained a favorable judgment in a civil action pursuant to section 536.085(3). Hence, the circuit court's final judgment triggered section 536.087.3's thirty-day deadline for Landowners to file their fee application. Landowners did not file their fee application until August 21, 2015, which was well beyond the thirty-day deadline. Therefore, this Court finds the Commission erred in awarding Landowners attorney fees and expenses due to their untimely fee application. Because Landowners' fee application was untimely, this Court need not resolve in which forum Landowners were required to file a timely fee application in this particular case[5] or reach the claims raised in their cross-appeal regarding whether a special factor existed justifying an increased hourly attorney fee rate.

## Conclusion

The Commission's decision is reversed. Landowners' motion for additional attorney fees and expenses is overruled.

_____
GEORGE W. DRAPER III, Judge

All concur.

---

[5] Effective August 28, 2015, the Missouri Surface Coal Mining Law changed the procedure for judicial review of certain Commission decisions. Section 444.980 now provides, "The commission's decision shall be subject to judicial review pursuant to chapter 536, except that the court of appeals district with territorial jurisdiction coextensive with the county where the mine is located or is to be located shall have original jurisdiction."